DECISION.
 PROCEDURE
This is an appeal from the denial of unemployment-compensation benefits. Plaintiff-appellant Fred Aliff and approximately 180 other employees of ANR Advance Transportation Co. ("ANR") had applied for the benefits in connection with a work stoppage that began on December 8, 1998. After their claims were consolidated and heard in January 1999, a hearing officer for the Ohio Bureau of Employment Services ("OBES") issued a decision that the employees were not entitled to receive benefits because their unemployment was due to a "labor dispute other than a lockout." The Unemployment Compensation Review Commission ("Review Commission") affirmed that decision. The claimants appealed to the court of common pleas, which, after finding the Review Commission's decision to be lawful, reasonable, and not against the weight of the evidence, upheld the denial of benefits. This appeal followed.
FACTS ANR is a freight-hauling service that employed approximately 240 members of the International Brotherhood of Teamsters ("the Union") at its terminals in Akron, Cincinnati, Cleveland, Columbus, Dayton, and Toledo. ANR and the Union were parties to a collective-bargaining agreement that expired on March 31, 1998. After the contract expired, but while negotiations proceeded for a new contract, the parties agreed to work under the terms of the expired agreement. Nine bargaining sessions were ultimately held. On November 16, 1998, at the last of the nine bargaining sessions, ANR made a final contract offer. The offer proposed a five-year wage freeze with increasing bonuses on an annual basis, an increased deductible for health insurance, a variation in the calculation of overtime and vacation benefits as well as in the manner that sick days accrued, a split-day schedule, and the use of part-time workers. The Union rejected the offer and no further negotiations took place. Nevertheless, work continued under the terms of the expired contract until December 7, 1998, when ANR unilaterally implemented the final offer that it had made on November 16, 1998. The following day, the union employees went on strike.
 ANALYSIS
In their sole assignment of error, appellants contend that the trial court erred in affirming the Review Commission's denial of unemployment-compensation benefits. We disagree.
In deciding an unemployment-compensation administrative appeal, the trial court and this court employ the same standard of review. As reviewing courts, we may not reverse the Review Commission's decision unless it is unlawful, unreasonable, or against the weight of the evidence.[1] Moreover, we must afford deference to the Review Commission's factual findings.[2]
There is no dispute that the central issue in this case is whether the December 8, 1998, work stoppage was a lockout. Pursuant to R.C.4141.29(D)(1)(a), if an employee is unemployed "due to a labor dispute other than a lockout," he is not entitled to unemployment benefits. But if he is unemployed due to a lockout, he is entitled to unemployment compensation.
In Zanesville Rapid Transit, Inc. v. Bailey, the Ohio Supreme Court defined a lockout as "a cessation of the furnishing of work to employees or a withholding of work from them in an effort to get for the employer more desirable terms."[3] In addition, the court acknowledged that a constructive lockout may occur when an employer imposes changed conditions of employment on employees that the employees could not reasonably be expected to accept.[4] More recently, in Bays v.Shenango Company,[5] the court adopted what is known as the status quo
test for determining when a work stoppage is due to a lockout. Under this test, the Review Commission must determine "`which side, union or management, first refused to continue operations under the status quo after the contract had technically expired, but while negotiations were continuing.'"[6]
In Alsip v. Klosterman Baking Co.,[7] this court concluded that, in adopting the status quo test in Bays, the supreme court intended either to overrule Zanesville or to limit it to its facts. Although our interpretation of this aspect of Bays has not changed since Aslip, it is important to note that, according to its own terms, the Bays status quo
test is applicable only where negotiations are ongoing. In instances where negotiations have ceased, we agree with the conclusion of the Montgomery County Court of Appeals in Johnson v. Ohio Bur. of Empl.Services[8] that the test set forth in Zanesville should still be applied to determine whether a work stoppage is due to a lockout.
Given that the hearing officer in the instant case determined that negotiations had ceased before ANR implemented its final offer, and that this determination is supported by the record, we must apply Zanesville
to determine whether the appellants' unemployment was the result of a lockout. According to Zanesville, a lockout occurs where "the conditions of further employment announced by the employer [are] such that the employees could not reasonably be expected to accept them and [the conditions] manifest a purpose on the part of the employer to coerce his employees into accepting them * * *."[9] The hearing officer in the instant case determined that "the terms and conditions of employment imposed by the employer on December 7, 1998 were not so unfavorable as to leave the employees no alternative but to strike." Accordingly, he determined that the resulting work stoppage was not a lockout. Because neither of these conclusions is unlawful, unreasonable, or against the weight of the evidence, we will not disturb them. Therefore, we overrule the assignment of error and affirm the denial of benefits.
Doan, P.J., Sundermann and Winkler, JJ.
[1] R.C. 4141.28(N)(1), formerly R.C. 4141.28 (O)(1); Tzangas v. OhioBur. of Emp. Serv. (1995), 73 Ohio St.3d 694, 653 N.E.2d 1207.
[2] Tzangas, supra.
[3] (1958), 168 Ohio St. 351, 354, 155 N.E.2d 202, 205.
[4] Id. at 355, 155 N.E.2d at 205.
[5] (1990), 53 Ohio St.3d 132, 559 N.E.2d 740.
[6] Bays, supra, 53 Ohio St.3d at 135, 559 N.E.2d at 743, quotingPhilco Corp. v. Unemp. Comp. Bd. of Rev. (1968), 430 Pa. 101, 103,242 A.2d 454, 455.
[7] (1996), 113 Ohio App.3d 439, 680 N.E.2d 1320.
[8] (1993), 82 Ohio App.3d 293, 611 N.E.2d 896.
[9] Zanesville, supra, 168 Ohio St. at 355, 155 N.E.2d at 205, quotingAlmada v. Admin., Unemployment Comp. Act, (1951) 137 Conn. 380,77 A.2d 765.